In re AMERICAN FREIGHT
SYSTEM, INC., Debtor.

AMERICAN FREIGHT SYSTEM,
INC., Plaintiff,

v.

INTERSTATE COMMERCE COMMIS-
SION, United States of America, B.F.
Goodrich a/k/a Uniroyal Goodrich Tire,
Interplastic Company and Higbee Com-
pany, Defendants.

Bankruptcy No. 88–41050–11.
Adv. No. 94–7011.

United States Bankruptcy Court,
D. Kansas.

April 25, 1995.

Kurt Stohlgren, Kansas City, MO, for
debtor/plaintiff.

Virginia Strasser, Washington, DC, for de-
fendant I.C.C.

Brendan Collins, Dept. of Justice, Wash-
ington, DC, for defendant U.S.

Scott J. Goldstein, Kansas City, MO, for
B.F. Goodrich.

Joseph M. Weiler, Topeka, KS, for defen-
dant Interplastic Co.

Anthony D. Clum, Topeka, KS, for defen-
dant Higbee Co.

Mark A. Dickerson, Pleasant Hill, CA, for
Levi, Strauss & Co.

Paul Hoffmann, Kansas City, MO.

### ORDER DENYING MOTION FOR STAY OF ORDER PENDING APPEAL

JULIE A. ROBINSON, Bankruptcy
Judge.

■ This matter comes before the Court
pursuant to the Motion For Stay Of Order

Pending Appeal filed by American Freight System, Inc. ("plaintiff"). The motion seeks an order staying any action on the Judgment and Memorandum Opinion and Order entered by this Court on March 30, 1995 ("Judgment"), pending plaintiff's appeal. The Court's Judgment entered on March 30, 1995, ordered plaintiff to give notice to all parties to its adversary proceedings of the Court's ruling that the Negotiated Rates Act of 1993 ("NRA") is constitutional and applicable to plaintiff, and further directed plaintiff and the defendants in each adversary proceeding to jointly submit a report to the Court by April 21, 1995, indicating what matters are ready for referral to the ICC and what matters remain before the Court. Plaintiff filed a Notice of Appeal from the Judgment, and alleges that if the provisions of the Judgment are not stayed pending appeal and the Judgment is overruled, the estate will have incurred substantial and unnecessary expenses in reporting to the Court and proceeding with litigation before the Interstate Commerce Commission. Plaintiff also alleges that the defendants will not suffer material harm as a result of a stay pending appeal.

■ The standard for a motion to stay pending appeal requires the consideration of four factors:

> 1) whether the appellant has a strong position on the merits of the appeal; 2) whether the appellant will suffer irreparable injury if a stay is denied; 3) whether a stay would substantially harm other parties to the litigation; and 4) where the public interest lies.

*In re Hodgson,* 1994 WL 413903, p. 1 (D.Kan. 1994) (citing *Hilton v. Braunskill,* 481 U.S. 770, 776, 107 S.Ct. 2113, 2119, 95 L.Ed.2d 724 (1987); *Securities Investor Protection v. Blinder, Robinson & Co.,* 962 F.2d 960, 968 (10th Cir.1992); *Battle v. Anderson,* 564 F.2d 388, 401 (10th Cir.1977); *Hellebust v. Brownback,* 824 F.Supp. 1524, 1530 (D.Kan.1993)). Plaintiff's motion fails to meet any of the four requirements necessary to support entry of a stay pending appeal.

Plaintiff's position on the merits of the appeal is weak considering the fact that this Court's ruling is consistent with the majority of courts which have addressed the issue. Plaintiff's motion fails to even address the merits of the Court's ruling.

■ Plaintiff has not shown irreparable harm. The alleged harm should be certain and immediate, not speculative or theoretical. *Hellebust v. Brownback,* 824 F.Supp. at 1531 (citation omitted). Plaintiff alleges that the estate will incur expenses in reporting to this Court and proceeding with litigation before the ICC. This reason is admittedly contingent upon the District Court rejecting this Court's analysis and the analysis of numerous courts which have also determined that the NRA is valid and applicable. This is not the type of irreparable harm required in order to justify the issuance of a stay. The law is plain that to constitute irreparable harm, "[m]ere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough." *Id.* (citation omitted). *See also Sampson v. Murrray,* 415 U.S. 61, 90, 94 S.Ct. 937, 953, 39 L.Ed.2d 166 (1974); *Williams Exploration Co. v. U.S. Dept. of Energy,* 561 F.Supp. 465, 469 (N.D.Okla. 1980). Furthermore, plaintiff will need to identify issues and report the status of its adversary proceedings to this Court even if this Court's decision is overruled.

Plaintiff asserts that the defendants will not suffer material harm as a result of a stay pending appeal. A stay would impose further needless delay on the shipper-defendants and be contrary to the public interest as reflected in the NRA. The NRA was enacted in order to resolve the protracted, nationwide litigation involving freight undercharge claims. In enacting the NRA, Congress has already determined that referral of these matters to the ICC is in the public interest.

**IT IS THEREFORE ORDERED BY THE COURT** that the Motion For Stay Of Order Pending Appeal is DENIED.

IT IS SO ORDERED.